UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

DAVID E. AUGUSTSON, d/b/a
AUGUST ARMS and FULLAUTOS.COM

      Plaintiff,

vs.	Civil No. 09CV617 BB/RLP

ERIC HOLDER,
UNITED STATES ATTORNEY GENERAL,

      Defendant.

**PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF UNRELATED ALLEDGED VIOLATIONS OF THE GUN CONTROL ACT**

Plaintiff David Augustson (hereinafter "Plaintiff" of "Mr. Augustson"), pursuant to Federal Rules of Evidence 402, 403 and 404 respectfully moves this Court for entry of an order precluding the parties and their counsel and witnesses from making reference to, asking questions about, or attempting to introduce evidence concerning Plaintiff's alleged negative Gun Control Act (hereinafter "GCA") compliance history prior to the compliance period of March, 1 2006 to April 13, 2007, the period the alleged "willful violations" occurred and provided the basis for the April 22, 2009, Final Notice of Revocation of Plaintiff's Firearms License that is at issue in this matter.  In support of this Motion, Plaintiff states:

**INTRODUCTION**

Director of Industry Operations Nancy Cook in the Final Notice of the Revocation of Plaintiff's Federal Firearms License (hereinafter "FFL") and the Defendant in its Motion for Summary Judgment rely on unsupported and undocumented in the record hearsay assertions of alleged past violations of the GCA committed by the Licensee and/or Mr. Augustson from past compliance inspections dating back to the year 2000 to support many of the Defendant's

contentions that alleged violations cited in the Final Notice were repeat violations and, therefore, constituted "willful" violations.  At issue in this case are the Plaintiff's alleged willful violations cited by ATF Industry Operations Investigator Theresa Duran's that were allegedly discovered during her April 2007 compliance inspection for the compliance period March, 1 2006 to April 13, 2007.

Plaintiff asserts that under Federal Rules of Evidence 402, 403, and 404 this Court should limit the evidence considered to the alleged willful violations that occurred during this period of time and exclude evidence of Plaintiff's alleged negative GCA compliance history that occurred prior to this period.

## ARGUMENT

Virtually all of the evidence that counsel for the Defendant will attempt to introduce regarding Plaintiff alleged negative compliance history will consist of hearsay statements such as ATF GX-94, a two page unsigned document titled "Inspection History" introduced by the ATF at the hearing in this matter.  The ATF Hearing Officer refused to consider this exhibit as evidence.  But it provided the sole documentary basis for DIO Cook to find in the Final Notice that the violations alleged to have been committed by the Licensee in Ground 2 through Ground 10 were repeat and "willful" violations. This evidence is hearsay because counsel for Defendant will not attempt to introduce any of the alleged compliance forms that provided the basis for the violations alleged in this unsigned document and other documents or call as witnesses any of the individuals whose compliance forms provided the basis for the alleged violations.

Furthermore, none of the alleged violations, prior to the violations cited in the Final Notice, resulted in a proposed revocation, an administrative or judicial finding of a "willful violation" or resulted in any sort of legal action based on the alleged violations.

Additionally, the documents reflecting prior alleged by violations by Plaintiff do not qualify as "business records" under Rule 803(6) of the Federal Rules of Evidence.

Furthermore, the evidence of Plaintiff's unrelated alleged previous violations of the GCA is not relevant to any issue in this case because they have no relation to the alleged violations cited in the Final Notice that provided the basis for the revocation.

Lastly, any conceivable probative value of the evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and by considerations of undue delay and waste of time, and hence should be excluded under Rule 403 of the Federal Rules of Evidence.

## CONCLUSION

For the reasons stated above, Plaintiff respectfully moves this Court for entry of an order precluding the parties and their counsel and witnesses from making reference to, asking questions about, or attempting to introduce evidence concerning Plaintiff's alleged unrelated violations of the Gun Control Act that are not at issue in this case.

Respectfully submitted,

_s/s Colin Hunter_____
Colin Hunter
Attorney for Plaintiff
Hunter Law Firm
715 Tijeras NW
Albuquerque, N.M.  87102
E-mail: colinhunterlaw@gmail.com

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY THAT on July 19, 2010, I filed the foregoing pleading electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means:

Jan Mitchell, Assistant U.S. Attorney, Attorney for the Defendant.
E-mail: jan.mitchell@usdoj.gov

        *s/s Colin Hunter*
        Colin Hunter
        Attorney for Plaintiff