IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DAVID E. AUGUSTSON
d/b/a AUGUST ARMS AND
FULLAUTOS.COM

    Plaintiff,

    vs.                                                                       1:09CV00617 BB/RLP

ERIC HOLDER,
UNITED STATES ATTORNEY GENERAL,

    Defendant.

## DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION IN LIMINE

Referencing Federal Rules of Evidence 402, 403 and 404, Plaintiff seeks to exclude evidence concerning Plaintiff's Gun Control Act ("GCA") compliance history prior to the compliance period of March, 1 2006 to April 13, 2007, the period which provided the basis for the April 22, 2009 Final Notice of Revocation of Plaintiff's Firearms License.  (Plaintiff's Motion in Limine to Exclude Evidence of Unrelated Alleged Violations of the Gun Control Act, hereinafter "Motion.")  It is Defendant's position that Plaintiff's Motion should be denied because the evidence concerning Plaintiff's compliance history as a Federal Firearm's Licensee under the GCA is relevant, is not prejudicial, nor is it evidence of Plaintiff's character or a trait submitted for the purpose of proving the conduct at issue.

## ARGUMENT

The GCA and the applicable federal regulations require that a licensee keep all records as prescribed by the regulations.  Title 18 U.S.C. § 923(e) authorizes the Attorney General to revoke a licensee's federal firearms license when he "willfully"

violates "any provision" of the federal firearms regulations. A violation is considered "willful" when a dealer understands the requirements of the law, but knowingly fails to follow them or was indifferent to them. Perri v. Dept. of Treasury, 637 F.2d 1332, 1336 (9th Cir. 1981). It is well established in the context of firearms license revocation, that a history of repeated violations, coupled with adequate knowledge and understanding of the applicable requirements, is sufficient to establish willfulness. As the Fourth, Sixth, Seventh, Eighth, Ninth and Eleventh Circuits have established, a dealer's repeated violations *as shown from prior compliance inspections* and the subsequent information, education and warnings given to the dealer following compliance inspections, are relevant for purposes of establishing that a dealer's repeated violations show a purposeful disregard or plain indifference or a wilful violation of the regulations. Appalachian Res. Dev. Corp. V. McCabe, 387 F.3d 461, 464 (6th Cir. 2004); Cucchiara v. Sec'y of the Treasury, 652 F.2d 28, 30 (9th Cir. 1981); Prino v. Simon, 505 F.2d 449, 451 (4th Cir. 1979); Lewin v. Blumenthal, 590 F.2d 268, 269 (8th Cir. 1979). Likewise, the Honorable James O. Browning recently held in Borchardt Rifle Corp. v. Cook, 2010 WL 11413600 (D. N.M. Feb. 27, 2010), that courts have consistently found that willfulness under the Gun Control Act may be inferred based upon circumstantial evidence of knowledge of the requirements and repeat violations and a licensee should obviously be aware of the Act's requirements after being cited for numerous violations *in the past*. Id., at *16, citing to Article II Gun Shop, Inc. v. Gonzales, 441 F.3d 492, 498 (7th Cir. 2006), *cert. denied*, 549 U.S. 995 (2006) and Stein's Inc. v. Blumenthal, 649 F.2d 463, 468 (7th Cir. 1980).

      Prior compliance inspections are relevant to establish knowledge of the GCA and

the applicable regulations. Continued subsequent repeat violations are the basis for a finding of "wilful," which justifies the revocation of the federal firearms license. Though statutes of limitations might bar the government from commencing an action with regard to the prior violations, it has no impact whatsoever on a court's ability to consider the older violations for the purpose of determining whether the licensee knew of its legal obligations. Accordingly, the previous violations noted in earlier compliance inspections are admissible as evidence that, among other things, the licensee knew what the law required when it committed the subsequent violations which form the bases for the revocation action. Breit & Johnson Sporting Goods, Inc. v. Ashcroft, 320 F. Supp. 2d 671, 679 (N.D. Ill. 2004).

In this case, the revocation of Plaintiff's Federal Firearms License did not happen in a vacuum based on a single compliance inspection. In fact, Plaintiff's prior compliance history and the evidence pertaining to that history is extremely relevant and should be admitted. The history establishes the fundamental bases for the revocation of Plaintiff's license: namely, that prior compliance inspections revealed that the Licensee had recordkeeping violations of the GCA; that the Licensee was educated following those inspections on the proper way to comply with the provisions of the GCA and the relevant regulations; that the Licensee was warned that continued future violations could result in the revocation of his license; that the Licensee acknowledged in writing that he had been instructed as to the requirements of the GCA; and, that the Licensee continued to engage in violations, many of which were repeat violations. Simply stated, despite the fact that Plaintiff was aware of the recordkeeping requirements and was charged with knowing and understanding the regulations, the

same or similar violations, and other violations, were found in each subsequent inspection by the ATF investigators.

The fact that Plaintiff was educated a number of times concerning the prior violations found in the earlier compliance inspections, acknowledged that he knew what the regulations were, was warned about the consequences of continuing to have recordkeeping violations, and yet continued to engage in the same or similar violations, demonstrates a purposeful disregard of, or plain indifference to, the GCA and the regulations and thus constitutes willfulness for purposes of 18 U.S.C. § 923(d)(1)(C). See, e.g., Willingham Sports, Inc. v. Bureau of Alcohol, Tobacco, Firearms and Explosives, 415 F.3d 1274 (11th Cir. 2005) (during four different ATF inspections over the fourteen years Willingham Sports held a firearms dealer license, numerous recordkeeping errors and other violations of the federal regulations were discovered thus establishing a willful violation of the Act and regulations.)

The testimony at trial by ATF Inspection Officers Artiaga, Barreras and Duran, and the exhibits related to the prior compliance inspections they conducted are relevant and not prejudicial (Fed. R. Evid. 402 and 403 ), and have nothing to do with the Licensee's character in order to prove the conduct at issue (Fed. R. Evid. 404(a)). Defendant's witnesses will testify from personal knowledge obtained during their inspections of the Licensee's records and they may buttress their testimony with evidence that they prepared contemporaneously with the compliance inspections.

Contrary to Plaintiff's assertion in his Motion at 3, the records prepared by ATF employees pertaining to the compliance inspections conducted on August Arms and any other documents, such as acknowledgment forms signed by Plaintiff, which are

regularly kept in the course of ATF's firearms licensing review capacity, are business records and are not excluded by the hearsay rule (Fed. R. Evid. 803(6)).  The evidence concerning the prior compliance inspections conducted on August Arms convincingly demonstrates that the violations found during the 2007 compliance inspection were willful and justified the revocation of Plaintiff's Federal Firearms License.

## **CONCLUSION**

Plaintiff's Motion should be denied.  The parties should not be precluded from making reference to, asking questions about, or introducing evidence concerning Plaintiff's alleged negative Gun Control Act compliance history.  The evidence and testimony concerning Plaintiff's prior compliance inspections and compliance history are relevant, are not prejudicial, will not confuse the Court and have nothing to do with Plaintiff's character.  The evidence should be considered by the Court.

Respectfully submitted,

KENNETH J. GONZALES
United States Attorney

*Filed electronically 7/23/10*
JAN ELIZABETH MITCHELL
Assistant United States Attorney
P.O. Box 607
Albuquerque, NM 87103
(505) 346-7274
E-mail: jan.mitchell@usdoj.gov

I HEREBY CERTIFY that on July 23, 2010, I filed the foregoing pleading electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Colin Hunter, Attorney for Plaintiff, Email: colinhunterlaw@gmail.com

/s                         
JAN ELIZABETH MITCHELL
Assistant U.S. Attorney

N:\JMitchell\Augustson\Response to Motion in Limine.wpd